### CROSBY AND OTHERS v. LEWIS AND OTHERS.

A devise to "children" means "legitimate children," if there are any; and evidence dehors the will will not be admitted to show the testator's intention to be otherwise.

INCREASE CROSBY, by his last will, devised as follows: "I will and bequeath to my daughter, Mary Lewis' *children*, the

Crosby and others v. Lewis and others.

farm which I purchased of the Seggars, called the Seggar farm, together with the one hundred acres I purchased from Dr. John Morrison, to them and their heirs forever.

Cyrenius Crosby, a legatee in the will named, died before the testator, and the plaintiffs, his children, filed their bill against the executors of Increase Crosby, and Mary Lewis, and her children, for payment of the legacy.

*S. J. Wilkin*, for plaintiffs.

*J. W. Brown*, for defendants.

*Edmonds, J.:* In this case, the question was as to the meaning of the term "children," used in the will of the testator, and whether, in the term "children," could be included an illegitimate child. In this case there are legitimate children to answer the description contained in the will — and that being so, I think the illegitimate child is not included. There is nothing in the will, itself, manifesting any intention to include the illegitimate child, and such an intention cannot be inferred from any facts out of the will, nor can evidence of such facts be admitted for the purpose of showing the intention of the testator.